UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAMYIA U. JOHNSON                                                                                          PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:14cv304-DPJ-FKB

ERIC SHINSEKI, Secretary, Department of
Veteran Affairs; JOE D. BATTLE, V.A. Center
Director; DALE HETRICK, Assistant Chief of
Facilities Management                                                                                    DEFENDANTS

ORDER

This employment dispute is before the Court on Defendants' Motion to Set Aside Entry of Default and to Dismiss for Failure to Perfect Service [20]. *Pro se* plaintiff Camyia U. Johnson responded [21] in opposition, and Defendants replied [22]. Having fully considered the premises, the Court concludes that the entry of default should be set aside but, rather than dismiss the case, that Johnson should be given time to perfect service.

I.      Background

Johnson claims various acts of discrimination and other constitutional violations at the G.V. Sonny Montgomery Veterans Affairs Medical Center between April and August 2012. After exhausting his administrative remedies, Johnson received a right to sue notice on January 14, 2014. He filed suit on April 11, 2014, naming as defendants Eric Shinseki, Secretary of the Department of Veterans Affairs; Joe D. Battle, V.A. Center Director; and Dale Hetrick, Assistant Chief of Facilities Management. It is not apparent whether Defendants were sued individually or in their official capacities.

After filing suit, and well within the time allowed by Federal Rule of Civil Procedure 4(m), Johnson attempted to serve the named defendants. A return was filed as to Shinseki on May 1, 2014, indicating that the Office of the Secretary received a copy of the process sent to the attention of "Secretary of Veterans Affairs Erick Shinseki." Return [4]. Johnson then filed his Amended Complaint [11] on May 23, 2014. A few days later, on May 30, 2014, the United States Magistrate Judge entered an order granting assistance in the service of Battle and Hetrick and directing Johnson to reissue the process and forward it to the United States Marshal for service. Order [12]. Johnson complied that same day, and a return was filed June 25, 2014. Return [14]. According to that return, Battle was personally served and may have accepted service on behalf of Hetrick. *Id*.

Johnson moved [15] for entry of default against Shinseki on July 16, 2014. On July 24, 2014, the Office of the Secretary acknowledged [16] receipt of certified mail from Johnson. And on August 13, 2014, Johnson moved [17, 18] for entry of default judgment as to Battle and Hetrick. That same day, the Clerk of Court docketed an entry of default [19] as to all three Defendants. Finally, on August 26, 2014, the Defendants moved [20] to set aside entry of default and to dismiss the Amended Complaint.

II.     Analysis

The Court never entered default judgment against the Defendants. Accordingly, there are three related questions: (1) should the Clerk's entry of default stand; (2) did Johnson properly serve the Defendants; and (3) if not, should the Amended Complaint be dismissed. As discussed below, the Court concludes that service was not perfected but that dismissal is unwarranted.

Starting with the Clerk's entry of default, "[d]efaults are not favored[,] and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991)). "[E]ntries of default are serious; 'where there are no intervening equities[,] any doubt should . . . be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Id*. (second and third alterations in original) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

An entry of default may be set aside under Federal Rule of Civil Procedure 55(c) for "good cause." Defendants argue that there is good cause to set aside the default. As discussed below, Defendants were never properly served, so their answer was never due. Therefore, they were never properly in default, and good cause exists to set aside the judgment.

The nature of the claims dictates the type of service required, but Johnson failed to concisely state whether he intended to sue Defendants individually or in their official capacities. For individual-capacity claims against government employees, Johnson must comply with Rule 4(i)(3), which states:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party *must serve the United States* and also serve the officer or employee under Rule 4(e) . . . .

(Emphasis added). Rule 4(e) states as follows:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

3

>    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>    (2) doing any of the following:
>
>    >    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    >
>    >    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    >
>    >    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

To the extent Johnson intends official capacity claims, he must follow Rule 4(i)(2), which states as follows:

>    Agency; Corporation; Officer or Employee Sued in an Official Capacity.  To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party *must serve the United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(Emphasis added).

To serve the United States—as required for both individual- and official-capacity claims—the plaintiff must follow Rule 4(i)(1):

>    To serve the United States, a party must:
>
>    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
>    >    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

>   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

In this case, nothing in the record suggests that Johnson served the United States. Accordingly, any individual- or official-capacity claims were not properly served.  In addition, if Johnson intended an individual-capacity claim against Hetrick or Shinseki, then he may not have complied with Rule 4(e) because they appear to have been served through others.  Because Johnson failed to comply with Rule 4 as to individual- and official-capacity claims, good cause exists to set aside the entry of default.

Finally, Defendants move to dismiss the Amended Complaint for failure to perfect service of process.  Under Rule 4(m), a plaintiff must serve process within 120 days of filing a complaint.  If process is not served within that time-frame, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  If a plaintiff shows "good cause" for failing to properly serve a defendant, the Court "must extend the time for service for an appropriate period."  *Id*.

>   Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.  Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (footnotes and internal quotation marks omitted).  But "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id*. (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("[T]he plain language of

rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

Dismissal is not warranted in the present case. To begin with, the Court has some concern about the statute of limitations that would apply upon dismissal. Regardless, Johnson acted diligently, obtained the assistance of the United States Marshal, and has not created any apparent prejudice for the Defendants. So while Johnson, proceeding *pro se*, failed to technically comply with Rule 4, provided he can effect service, the case should be decided on the merits.

III.    Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion to Set Aside Entry of Default and to Dismiss [20] is granted in part and denied in part.

This case is set for case-management conference on November 12, 2014. Because that date will soon arrive, the Court instructs the Magistrate Judge to address service with the parties. In particular, the Magistrate Judge should determine whether Johnson pursues individual- or official-capacity claims and then set an appropriate deadline to perfect service of process with the assistance of the United States Marshal.

**SO ORDERED AND ADJUDGED** this the 21st day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE